IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROSE ADANMA DURU,                    §
                                     §
          Plaintiff,                 §
                                     §
V.                                   §          No. 3:15-cv-324-L-BN
                                     §
BERKSHIRE HATHAWAY HOME              §
SERVICES, ET AL.,                    §
                                     §
          Defendants.                §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 13. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should grant the pending Rule 12(b)(5) motion to dismiss [Dkt. No. 15].

**Background**

On February 2, 2015, Plaintiff Rose Adanma Duru, proceeding *pro se*, filed a complaint and motion for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 3-5. At the time that Plaintiff filed this action, it was one of eight cases Plaintiff was prosecuting (or had recently prosecuted) in this Court. Plaintiff has initiated additional actions in this Court since filing this one.

The day after this case was filed, the undersigned concluded that the Court could not find that Plaintiff will suffer undue financial hardship after payment of the

filing fee to initiate this action but deferred ruling on Plaintiff's IFP motion, instead granting her until March 3, 2015 to pay the filing fee. *See* Dkt. No. 6.

On March 27, 2015, almost one month after the deadline to comply with the Court's order – and almost two months after Plaintiff filed this action – because Plaintiff had neither complied with the Court's order nor otherwise contacted the Court, the undersigned recommended that Plaintiff's IFP motion should be denied and that this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) unless Plaintiff paid the filing fee within 14 days. *See* Dkt. No. 7.

On April 9, 2015, Plaintiff paid the $400.00 filing fee, and the Clerk of Court issued summonses prepared by Plaintiff, *see* Dkt. No. 11, which resulted in the withdrawal of the previous recommendation, *see* Dkt. No. 12. On April 16, 2015, the Court advised Plaintiff that, because she paid the statutory filing fee, she is responsible for properly serving each defendant with a summons and complaint in accordance with Federal Rule of Civil Procedure 4 and that she must also file proofs of service with the Court. *See* Dkt. No. 14.

On April 30, 2015, Defendants HSGA Real Estate, LLC d/b/a Berkshire Hathaway Homeservices Georgia, Karen Lee, David Lee, Joanie Cullity, Holly Leggett, and Pam Wetzel (the "Moving Defendants") moved to dismiss Plaintiff's claims against them due to insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). *See* Dkt. Nos. 15 & 16. Plaintiff has responded, *see* Dkt. No. 19, and also requested oral argument, *see* Dkt. No. 20. And the Moving Defendants have filed a reply. *See* Dkt. No. 24.

The undersigned now concludes that the Moving Defendants' Rule 12(b)(5) motion to dismiss should be granted.

## Legal Standards

Service of process is "fundamental to any procedural imposition on a named defendant" and is therefore "the official trigger for responsive action by an individual or entity named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 353 (1999). Federal Rule of Civil Procedure 12(b)(5) provides for dismissal for insufficient service of process, and "[a] motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (per curiam); *see also Raburn v. Dae Woo, Inc.*, No. 3:09-cv-1172-G, 2010 WL 743933, at *1 (N.D. Tex. Mar. 3, 2010) ("A 12(b)(5) motion to dismiss poses a challenge to the manner or method of service attempted by the plaintiff rather than the form or content of the summons." (citing *Tinsley v. Comm'r of Internal Revenue Serv.*, No. 3:96-cv-1769-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998))).

"Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009) (per curiam) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)); *accord Quinn*, 470 F. App'x at 323. A plaintiff's *pro se* status does not excuse any failure to properly effect service of process. *See Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

## Analysis

Plaintiff has not carried her burden to establish the validity of service as to the

Moving Defendants.

Federal Rule of Civil Procedure 4(e) requires that service on individuals in the United States be made in one of two ways: (1) pursuant to the law of the state in which the district court is located or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's home with a person of suitable age and discretion or with an authorized agent. *See* FED. R. CIV. P. 4(e)(1), (2). Similarly, corporations, partnerships, or associations in a judicial district of the United States also may be served in one of two ways: (1) pursuant to the law of the state in which the district court is located or (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant. *See* FED. R. CIV. P. 4(h)(1).

The proofs of service that Plaintiff has filed reflect that service was attempted through the United States Postal Service ("USPS") by an individual identified as Pamela Corbray. *See* Dkt. No. 22. But copies of the envelopes that the Moving Defendants have attached to their Rule 12(b)(5) motion to dismiss reflect service by certified mail through the USPS, with Plaintiff herself identified as the return recipient. *See* Dkt. No. 16-1 at 6-10.

Either way, because Plaintiff chose to utilize certified mail, it appears that she has attempted to perfect service under Texas law, which provides for service by registered or certified mail, with return receipt requested. *Compare Gilliam v. County*

*of Tarrant*, 94 Fed. App'x 230, 230 (5th Cir. 2004) (per curiam) ("the use of certified mail is not sufficient to constitute 'delivering' under Rule 4" (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993))), *with* Tex. R. Civ. P. 106(a)(2) ("Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."); *see also Cross v. Grand Prairie*, No. 3:96-cv-446-P, 1998 WL 133143, at *6 (N.D. Tex. Mar. 17, 1998) ("Although Rule 4(e)(1) authorizes service pursuant to Texas law, absent prior authorization by the trial court, the only methods of service permitted in Texas are service in person or by registered mail." (citing Tex. R. Civ. P. 106(a))).

As to persons authorized to serve process under Texas law, Texas Rule of Civil Procedure 103 provides "that a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age may serve any process, '[b]ut *no person who is a party* to or interested in the outcome of the suit may serve any process in that suit.'" *Blanton-Bey v. Carrell*, No. H-09-3697, 2010 WL 1337740, at *2 (S.D. Tex. Mar. 26, 2010) (quoting Tex. R. Civ. P. 103) (emphasis added by *Blanton-Bey* Court); *see also id.* (noting that "[n]either the federal nor the state rules of civil procedure allow a party to serve process" and, thus, there, "plaintiff's attempt to serve the defendant was ineffective" (citing Fed. R. Civ. P. 4(c)(2); Tex. R. Civ. P. 103; *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 632-33 (N.D. Tex. 2007))); *accord Sherman v. Dallas ISD*, No. 3:10-cv-1146-B-BH, 2011 WL 477500, at *2 (N.D. Tex. Jan.

24, 2011) ("Plaintiff's attempt to serve DISD was ineffective because the federal and state rules of civil procedure do not allow a party to serve process" (citations omitted)), *rec. adopted*, 2011 WL 477465 (N.D. Tex. Feb. 8, 2011); *see also Lucky v. Haynes*, No. 3:12-cv-2609-B, 2013 WL 3054032, at *2 (N.D. Tex. June 18, 2013) ("Upon amendment of the relevant [Texas] rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail." (citations omitted)).

In addition, Texas law requires that particular information be included in the return of service, including the address served and the date of service or attempted service, *see* TEX. R. CIV. P. 107(b), and "when certified mail has been selected as the method of service, Texas law further requires that the return receipt be signed by the addressee," *Lucky*, 2013 WL 3054032, at *3 (citing TEX. R. CIV. P. 107(c); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App. – San Antonio 2001, pet. denied)).

The Moving Defendants initially challenged the propriety of service because, based on the envelopes that they received, it appeared that Plaintiff served process herself, contrary to Texas law and, thus, also contrary to Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A). *See, e.g.*, Dkt. No. 16 at 5 ("Because Duru was, as a matter of law, not authorized to serve process herself, and Duru served process, herself, by mail, service of process was not performed in accord with Fed.R.Civ.P. 4(e)(1), and service of process was defective and ineffective to bring the [Moving] Defendants before this Court."). Plaintiff countered that she "retained the service of a [non-]party to the suit," Ms. Corbray. Dkt. No. 19 at 2 ("Pamela Corbray inserted the

-6-

summons and the complaint in each envelope and sealed each envelope. Plaintiff just paid for the delivery.").

But the Moving Defendants, in part, correctly pointed out that, even if the Court accepts that Plaintiff took no role in the service of process other than to foot the bill, Plaintiff – as "[t]he party making service" – has not carried her "burden of demonstrating its validity when an objection to service is made," *Quinn*, 470 F. App'x at 323, by (1) showing that Ms. Corbray is a person authorized to serve process under Texas Rule of Civil Procedure 103; (2) ensuring that the proofs of service – which fail to include any information as to how the summonses were served – contain all of the information required by Texas Rule of Civil Procedure 107(b); and (3) providing return receipts signed by the addressees, as required by Texas Rule of Civil Procedure 107(c). *Cf. Garland v. U.S. Atty. for N. Dist. of Tex.*, No. 3:03-cv-2658-D, 2006 WL 740299, at *1 n.4 (N.D. Tex. Mar. 16, 2006) ("In effecting service pursuant to state law, Texas courts require strict compliance with the applicable rules, and efforts short of that which are required by the rules are invalid and of no effect." (citing *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973))); *Isais v. Marmion Indus. Corp.*, No. H-09-3197, 2010 WL 723773, at *3 (S.D. Tex. Feb. 24, 2010) ("Plaintiff attempted to serve the defendants by certified mail. Such service is only valid if it complies with Texas law.").

For all of these reasons, the Court should grant the Moving Defendants' Rule 12(b)(5) motion to dismiss and dismiss Plaintiff's claims against the Moving Defendants without prejudice.

**Recommendation**

The Court should deny Plaintiff's motion for oral argument [Dkt. No. 20], grant the Moving Defendants' Rule 12(b)(5) motion to dismiss [Dkt. No. 15], dismiss Plaintiff's claims against Defendants HSGA Real Estate, LLC d/b/a Berkshire Hathaway Homeservices Georgia, Karen Lee, David Lee, Joanie Cullity, Holly Leggett, and Pam Wetzel without prejudice, and re-advise Plaintiff that, under Federal Rule of Civil Procedure 4(m), if proper service is not made within 120 days after the filing fee was paid – which is August 7, 2015 – this case is subject to dismissal without prejudice unless she can show good cause for the failure to timely and properly effect service and for the Court to extend the time for service for an appropriate period.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 13, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE