IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROSE ADANMA DURU,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:15-CV-324-L-BN** |
| | § | |
| **BERKSHIRE HATHAWAY HOME SERVICES, ET AL.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

This case was referred to United States Magistrate Judge David L. Horan, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on July 13, 2015, recommending that the court deny Plaintiff's Motion for Oral Argument (Doc. 20), filed May 27, 2015, grant the moving Defendants' Motion to Dismiss Claims Pursuant to Fed. R. Civ. P. 12(b)(5) (Doc. 15), filed April 30, 2015, and dismiss Plaintiff's claims against Defendants HSGA Real Estate, LLC d/b/a Berkshire Hathaway Homeservices Georgia, Karen Lee, David Lee, Joanie Cullity, Holly Leggett, and Pam Wetzel without prejudice. The Report further recommends that the court advise Plaintiff that, pursuant to Federal Rule of Civil Procedure 4(m), this case is subject to dismissal without prejudice if proper service is not made by August 7, 2015, which is 120 days after the filing fee was paid. As of the date of this order, Plaintiff has filed no objections.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **accepts in part and rejects in part** the Report. The court **accepts** the magistrate judge's Report to the extent it relates to the motions before the court. Accordingly,

the court **denies** Plaintiff's Motion for Oral Argument (Doc. 20), filed May 27, 2015, **grants** the Motion to Dismiss Claims Pursuant to Fed. R. Civ. P. 12(b)(5) (Doc. 15), filed April 30, 2015, and **dismisses without prejudice** Plaintiff's claims against Defendants HSGA Real Estate, LLC d/b/a Berkshire Hathaway Homeservices Georgia, Karen Lee, David Lee, Joanie Cullity, Holly Leggett, and Pam Wetzel.  The court **rejects** the portion of the Report recommending that the court re-advise Plaintiff on the amount of time in which she has to accomplish service on the parties.  This is so because the court cannot dismiss pursuant to Federal Rule of Civil Procedure 4(m) until after the 120 days has expired and after it has given notice to Plaintiff of her failure to effect service, as required by Rule 4(m).

    **It is so ordered** this 6th day of August, 2015.

                                                            Sam A. Lindsay
                                                            United States District Judge