IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSE ADANMA DURU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-324-L-BN |
| | § | |
| BERKSHIRE HATHAWAY HOME | § | |
| SERVICES, ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 13. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should grant the pending motion to dismiss filed by Defendant Kaiser Foundation Health Plan of Georgia, Inc. (identified by Plaintiff Rose Adanma Duru ("Duru") as Kaiser Permanente Georgia) ("Kaiser") [Dkt. No. 41] and, to the extent that any claim against any defendant has not been dismissed, the Court should dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for Duru's failure to timely effectuate service.

## Applicable Background

On February 2, 2015, Duru, proceeding *pro se*, filed a complaint and motion for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 3-5. At the time that Duru

-1-

filed this action, it was one of eight cases that she was prosecuting (or had recently prosecuted) in this Court, and she subsequently has initiated additional actions in this Court.

The day after this case was filed, the undersigned concluded that the Court could not find that Duru will suffer undue financial hardship after payment of the filing fee to initiate this action but deferred ruling on her IFP motion, instead granting her until March 3, 2015 to pay the filing fee. *See* Dkt. No. 6.

On March 27, 2015, almost one month after the deadline to comply with the Court's order – and almost two months after this action was initiated – because Duru had neither complied with the Court's order nor otherwise contacted the Court, the undersigned recommended that her IFP motion should be denied and that this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) unless the filing fee was paid within 14 days. *See* Dkt. No. 7.

On April 9, 2015, Duru paid the $400.00 filing fee, and the Clerk of Court issued summonses prepared by Duru, *see* Dkt. No. 11, which resulted in the withdrawal of the previous recommendation, *see* Dkt. No. 12. On April 16, 2015, the Court advised Duru that, because she paid the statutory filing fee, she is responsible for properly serving each defendant with a summons and complaint in accordance with Federal Rule of Civil Procedure 4 and that she must also file proofs of service with the Court. *See* Dkt. No. 14.

On April 30, 2015, pursuant to Federal Rule of Civil Procedure 12(b)(5), Defendants HSGA Real Estate, LLC d/b/a Berkshire Hathaway Homeservices Georgia,

Karen Lee, David Lee, Joanie Cullity, Holly Leggett, and Pam Wetzel (the "12(b)(5) Defendants") moved to dismiss the claims against them due to insufficient service of process. *See* Dkt. Nos. 15 & 16. Duru responded, *see* Dkt. No. 19, and also requested oral argument, *see* Dkt. No. 20. And the 12(b)(5) Defendants filed a reply. *See* Dkt. No. 24. The undersigned recommended that the Court should grant the motion, *see* Dkt. No. 26, and, on August 6, 2015, the Court granted the motion and dismissed Duru's claims against the 12(b)(5) Defendants without prejudice, *see* Dkt. No. 29.

On August 10, 2015, Duru was advised:

> As the Court advised Plaintiff previously, *see* Dkt. No. 14, because she paid the statutory filing fee, she is responsible for properly serving each defendant with a summons and complaint in accordance with Federal Rule of Civil Procedure 4 and she must also file proofs of service with the Court. Plaintiff has also been advised that if proper service is not made within 120 days after the filing fee was paid – which was August 7, 2015 – this case is subject to dismissal without prejudice unless Plaintiff shows good cause for any failure to timely and properly effect service and for the Court to extend the time for service for an appropriate period. *See* FED. R. CIV. P. 4(m).
>
> Therefore, Plaintiff is now directed to file a written response to this order no later than **August 31, 2015** to show good cause for her failure to timely and properly effect service – that is, explain why service has not been properly accomplished within the 120-day time period after payment of the filing fee – and to show good cause why the Court should give Plaintiff additional time within which to properly effect service.
>
> Plaintiff is warned that if she fails to timely respond to this order, the undersigned will recommend that her lawsuit be dismissed without prejudice for (1) failure to timely perfect service, pursuant to Federal Rule of Civil Procedure 4(m), and (2) failure to prosecute and obey court orders, pursuant to Federal Rule of Civil Procedure 41(b).

Dkt. No. 30 (emphasis in original).

Kaiser filed an answer and motion to dismiss – pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6) – on August 31, 2015. *See* Dkt. Nos. 34-37. Because

these pleadings were filed by counsel who was not identified as a member of this Court, and because the identified counsel did not request permission from Judge Lindsay to represent Kaiser in these proceedings, *see* N.D. TEX. L. CIV. R. 83.9(a), the undersigned issued two notices of deficiencies [Dkt. Nos. 39 & 40], to which Kaiser failed to directly respond. But, on September 23, 2015, through counsel admitted to practice in this Court, Kaiser again moved to dismiss Duru's claims against it, pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6). *See* Dkt. No. 41. Duru failed to respond to the motion, and the time for doing so has expired. *See* N.D. TEX. L. CIV. R. 7.1(e).

The undersigned now concludes that the Court should grant Kaiser's motion pursuant to Rule 12(b)(2), and, to the extent that any claim against any defendant has not been dismissed, the Court should dismiss this action without prejudice pursuant to Rule 4(m) for Duru's failure to timely effectuate service.

## Legal Standards and Analysis

Kaiser's motion to dismiss

Although Kaiser has moved to dismiss Duru's claims against it under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6), Rule 12(b)(2) alone provides a sufficient basis for dismissal. *See, e.g.*, *Hageman v. Corporación EG, S.A. de C.V.*, No. SA:14-CV-976-DAE, 2015 WL 1510009, at *12 (W.D. Tex. Mar. 31, 2015) ("Because this Court does not have personal jurisdiction over [defendant], [its] Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process is MOOT.").

Kasier claims to be a resident of Georgia and asserts that this Court lacks personal jurisdiction over it. When a non-resident defendant moves to dismiss for lack

of personal jurisdiction, the plaintiff bears the burden of establishing that this Court has jurisdiction over the nonresident. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). If the Court decides the matter without an evidentiary hearing, the plaintiff may meet its burden by presenting a prima facie case for personal jurisdiction. *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999); *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

A federal district court may exercise personal jurisdiction over a non-resident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). Due process requires the satisfaction of two elements to exercise personal jurisdiction over a non-resident defendant: (1) the nonresident must have some minimum contact with the forum that results from an affirmative act on his part such that the nonresident could anticipate being haled into the courts of the forum state and (2) it must be fair or reasonable to require the nonresident to defend the suit in the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-78 (1985); *Johnston*, 523 F.3d at 609. The Due Process Clause ensures that persons have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King*, 471 U.S. at 472 (internal quotation marks omitted). Personal jurisdiction must be assessed on an individual-defendant basis. *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

To establish minimum contacts with the forum, a non-resident defendant must do some act by which he "purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474-75 (internal quotation marks omitted). But the unilateral activity of one asserting a relationship with the non-resident defendant does not satisfy this requirement. *See id.* at 474; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). In determining whether the exercise of jurisdiction is appropriate, the United States Supreme Court has focused less on presence in the forum state as a means to establish jurisdiction and looked increasingly to whether a defendant's contacts with the forum state make it reasonable to require the defendant to defend the particular suit in that forum. *See Quill Corp. v. North Dakota*, 504 U.S. 298, 307 (1992).

Two types of personal jurisdiction may be exercised over a non-resident defendant: specific jurisdiction and general jurisdiction. Specific jurisdiction exists if the cause of action is related to, or arises out of, the defendant's contacts with the forum state and those contacts meet the due process standard. *See J.R. Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 871 (5th Cir. 2000). "When a court exercises personal jurisdiction over a defendant based on contacts with the forum related to the particular controversy, the court is exercising 'specific jurisdiction.'" *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986) (citations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct.

1115, 1121 (2014). "'First, the relationship must arise out of contacts that the 'defendant *himself* creates with the forum State.'" *Id.* at 1122 (emphasis in original) (quoting *Burger King*, 471 U.S. at 475). "Second, [the] 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* (citations omitted). Specific jurisdiction is a "'claim-specific inquiry,'" so a plaintiff must establish specific jurisdiction for each claim asserted. *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 343 (5th Cir. Sept.16, 2014) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006)).

General jurisdiction, on the other hand, may be found when the nonresident's contacts with the forum are "continuous and systematic," even though the claim is unrelated to those contacts. *Helicopteros Nacionales*, 466 U.S. at 415-16. The Supreme Court recently observed that the proper consideration when determining general jurisdiction is "whether that corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)) (alteration in original). The Supreme Court held that, as to a corporation, "the place of incorporation and principal place of business" are where it is "at home" and are thus paradigm bases for jurisdiction. *Id.* at 760. It is, therefore, "incredibly difficult" to establish general jurisdiction in a forum other than the place of incorporation or principal place of business. *Monkton Ins. Servs.*, 768 F.3d at 432. A nonresident that merely does business with Texas businesses

or customers will not be subject to general jurisdiction here unless it also has a lasting physical presence in the state. *See Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999); *see also Johnston*, 523 F.3d at 614 (general jurisdiction not conferred simply by advertising within a state or traveling to the state at regular intervals).

Under both specific and general jurisdiction analyses, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Burger King*, 471 U.S. at 474 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts ... or of the 'unilateral activity of another party or a third person.'" *Id.* at 475 (citations omitted). A plaintiff must establish a substantial connection between the non-resident defendant and the forum state. *See Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir. 1992).

Here, Kasier contends, "as a threshold matter," that the Court should dismiss Duru's claims against it because Kaiser is not subject to the jurisdiction of this Court. *See* Dkt. No. 41 at 4-6 (citing the declaration of its Chief Financial Officer, Craig Faerber [Dkt. 42-1 at 1-2], in which Mr. Faerber testifies under penalty of perjury that (1) Kaiser "is a Georgia corporation with its principal place of business in Atlanta, Georgia"; (2) Kaiser "does not conduct or operate its business in Texas; nor does it" (3) "advertise or solicit business from Texas residents"; (4) "employ individuals in the state

of Texas"; (5) "have a registered agent in Texas"; (6) "pay taxes in Texas"; (7) "maintain a bank account in Texas"; or (8) "have a telephone listing in Texas.").

Because the Court is deciding Kaiser's motion without an evidentiary hearing, it is Duru's burden – not Kaiser's – to present a *prima facie* case for personal jurisdiction. *See Monkton Ins. Servs.*, 768 F.3d at 431; *Johnston*, 523 F.3d at 609; *Gardemal*, 186 at 592; *Wilson*, 20 F.3d at 648. But Duru's complaint fails to present a *prima facie* case, for either specific or general personal jurisdiction. That is, taking all allegations in Duru's complaint as true, she has failed to show a substantial connection between Kaiser and the State of Texas. Thus, Duru's claims against Kaiser should be dismissed under Rule 12(b)(2). *See Kelley v. Bergamino*, No. 3:08-cv-887-B, 2009 WL 174131, at *2 (N.D. Tex. Jan. 23, 2009) ("Taking all factual allegations in Kelley's complaint as true, Kelley has failed to present a *prima facie* case for the Court's exercise of personal jurisdiction over the Defendants.... Therefore, the Court may dismiss the claims for lack of personal jurisdiction." (citations omitted)); *cf. NetKnowledge Techs., L.L.C. v. Baron Capital V, Inc.*, No. 3:02-cv-2406-M, 2003 WL 23201333, at *3 (N.D. Tex. July 24, 2003) (granting Rule 12(b)(2) motion – with the benefit of an evidentiary hearing – after noting plaintiff "ha[d] failed to provide sufficient evidence of minimum contacts to support even a *prima facie* case for specific or general personal jurisdiction, let alone to satisfy the burden of proof by a preponderance of the evidence").

Rule 4(m)

After providing notice, a district court may dismiss a case *sua sponte* without

prejudice pursuant to Rule 4(m) for failure of a plaintiff to effectuate service on defendants within 120 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012); *see also Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) ("A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m).... [But, a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." (respectively citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).

As to any defendants named in Duru's complaint but not yet appearing in this action, because Duru has failed to properly effect service within 120 days of filing her complaint, and because the Court has at least twice explicitly notified Duru that the failure to do so will subject her complaint to dismissal under Rule 4(m), *see* Dkt. Nos. 14 & 30, the Court should dismiss this action without prejudice under Rule 4(m).

### Recommendation

The Court should grant Kasier's motion to dismiss [Dkt. No. 41], and Duru's claims against Kaiser should be dismissed without prejudice to her right to renew her claims against Kaiser in a jurisdiction where personal jurisdiction over Kaiser could be obtained. Further, to the extent that any claim against any defendant has not been dismissed, the Court should dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for Duru's failure to timely effectuate service.

Kaiser's motion to dismiss filed outside of compliance with the Court's local rules [Dkt. No. 36] should be denied as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 25, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE